UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Franklin A. Benjamin, #245407, ) | C/A No. 9:12-2378-TLW-BM |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | |
| ) | Report and Recommendation |
| State of South Carolina; ) | |
| Attorney General Alan Wilson; ) | |
| Warden McCall of Lee Corr. Inst., ) | |
| ) | |
| Respondents. ) | |

Petitioner, a state prisoner proceeding *pro se*, files this matter pursuant to 28 U.S.C. § 2254. Petitioner is confined at the Lee Correctional Institution, a facility run by the South Carolina Department of Corrections, serving life without parole for his Orangeburg County armed robbery conviction. In the instant petition, he raises four grounds: First, that the post-conviction relief ("PCR") court's ruling was in violation of the Due Process and Equal Protection Clauses of the Constitution. Second, that his trial counsel was ineffective because he failed to investigate the facts and circumstances surrounding Petitioner's arrest[1] and to move to suppress all evidence used to convict him. Third, that evidence helpful to the Petitioner was known to the prosecution but never made available at trial or at the preliminary hearing. Fourth, that "[t]he 2009 affidavit concerning

---

[1]Petitioner claims the arrest was based on an uncorroborated informant's tip.

1



[Petitioner's] arrest being made on an uncorroborated informant's tip clearly shows that the prosecution with-held (sic) evidence to convict [him] in 1998." Petitioner asks this Court to reverse the decision of the PCR court and remand to "the lower court" for a full evidentiary hearing, or vacate his sentence.

Under established local procedure in this judicial district, a careful review has been made of the *pro se* petition pursuant to the procedural provisions of 28 U.S.C. § 1915, 28 U.S.C. § 1915A, the Anti-Terrorism and Effective Death Penalty Act of 1996, and in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25, 112 S.Ct. 1728 (1992); *Neitzke v. Williams*, 490 U.S. 319, 109 S.Ct. 1827 (1989); *Haines v. Kerner*, 404 U.S. 519, 92 S.Ct. 594 (1972); *Nasim v. Warden, Maryland House of Correction*, 64 F.3d 951 (4th Cir. 1995)(*en banc*); and *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983). Further, this court is required to liberally construe *pro se* documents, *Estelle v. Gamble*, 429 U.S. 97, 97 S. Ct. 285 (1976), holding them to a less stringent standard than those drafted by attorneys, *Hughes v. Rowe*, 449 U.S. 5, 101 S. Ct. 173 (1980)(*per curiam*). Even when considered under this less stringent standard, however, the undersigned finds that the *pro se* petition is subject to summary dismissal. The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Department of Social Services*, 901 F.2d 387 (4th Cir. 1990).

Petitioner has previously challenged this same conviction and sentence in this Court in two (2) prior § 2254 petitions. *See Benjamin v. State, et al.*, Civil Action No. 0:07-2442-TLW-BD (D.S.C. 2007); *Benjamin v. State, et al.*, Civil Action No. 9:08-3134-TLW-BD (D.S.C. 2008). This Court may take judicial notice of its own files and records. *See Colonial Penn Ins. Co. v. Coil*, 887



F.2d 1236, 1239 (4th Cir. 1989)("We note that 'the most frequent use of judicial notice is in noticing the content of court records.'"). Summary judgment for the respondents was granted in the petitioner's first prior § 2254 case. As a result, the § 2254 petition in the above-captioned case is subject to dismissal under Rule 9 of the Section 2254 Rules. *Miller v. Bordenkircher*, 764 F.2d 245, 248-250 & nn. 3-5 (4th Cir. 1985). *See also McClesky v. Zant*, 499 U.S. 467, 111 S.Ct. 1454, 1467-1472 (1991); Section 106 of the Anti-Terrorism and Effective Death Penalty Act of 1996, Public Law 104-132, 110 U.S.Stat. 1214; and *Bennett v. Angelone*, 92 F.3d 1336, 1343 (4th Cir. 1996). Petitioner's second prior habeas matter was dismissed as successive, and there is no indication that the petitioner has sought leave from the United States Court of Appeals for the Fourth Circuit to file the current § 2254 petition.

Leave from the United States Court of Appeals for the Fourth Circuit is now required under the Anti-Terrorism and Effective Death Penalty Act of 1996 for filers of successive or second § 2254 petitions. Hence, before the petitioner attempts to file another petition in the United States District Court for the District of South Carolina, he ***must*** seek and obtain leave (*i.e.*, written permission) from the United States Court of Appeals for the Fourth Circuit. The petitioner can obtain the necessary forms for doing so from the Clerk's Office of the United States Court of Appeals for the Fourth Circuit in Richmond, Virginia.

### RECOMMENDATION

Accordingly, it is recommended that the § 2254 petition in the above-captioned case be dismissed *without prejudice* as a successive § 2254 petition under Rule 9 of the Section 2254 Rules, *without requiring the respondents to file a return. See Erline Co. S.A. v. Johnson*, 440 F.3d 648, 656



(4th Cir. 2006)(in both habeas corpus and *in forma pauperis* proceedings district courts are charged with the duty of independently screening initial filings, and dismissing those actions that plainly lack merit); and the Anti-Terrorism and Effective Death Penalty Act of 1996.

                                              Bristow Marchant
                                              United States Magistrate Judge

September 20, 2012
Charleston, South Carolina

***<u>The petitioner's attention is directed to the important NOTICE on the next page.</u>***



4

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
Post Office Box 835
Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).

